(86 South. 782)

(No. 24173.)

## STATE v. REUTER.

(Nov. 29, 1920. Rehearing Denied Jan. 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬅1134(3) — Supreme Court has jurisdiction of questions of law alone.**

On appeal in a criminal case the Supreme Court has jurisdiction of questions of law alone, under Const. art. 85.

2. **Criminal law ⬅1159(2)—Verdict supported by evidence not disturbed on appeal.**

Where on appeal in a criminal case there was but the one exception that conviction was not supported by the law and the evidence, and defendant attached to the bill of exceptions the entire evidence which was reduced to writing, the Supreme Court was powerless to disturb the judgment and sentence of the lower court if there was evidence to support the conviction, in view of Const. art. 85.

3. **Gaming ⬅68(½)—Monte held a "banking game."**

The game called "monte," described by witness as one in which players bid money against the house, was a "banking game" within the meaning of Rev. St. §§ 911 and 913 (citing Words and Phrases, Banking Game).

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Bernard; L. H. Perez, Judge.

Mat Reuter was convicted of aiding and assisting in the keeping and operating of a banking game and banking house in which money was bet and hazarded contrary to law, and appeals. Affirmed.

Fernando Estopinal and James Wilkinson, both of New Orleans, for appellant.

A. V. Coco, Atty. Gen., N. H. Nunez, Dist. Atty., of St. Bernard (S. A. Montgomery and T. S. Walmsley, both of New Orleans, of counsel), for the State.

DAWKINS, J. Defendant was charged in a bill of indictment with the offense of aiding and assisting in the keeping and operation of a banking game and banking house, in which money was bet and hazarded contrary to law. This being a misdemeanor, he was tried before the judge without a jury, duly convicted, and sentenced to pay a fine of $2,500, and in default thereof to serve six months in the parish jail.

Defendant appeals and presents for our consideration but one exception, and that was retained to the overruling of his motion for a new trial. The grounds of the motion were that the conviction was not supported by the law and the evidence, and defendant attaches to the motion and bill of exception the entire evidence which was reduced to writing.

[1-3] In these circumstances, if we should find that there was any evidence to support the conviction, we would be powerless to disturb the judgment and sentence of the lower court, for we have appellate jurisdiction of questions of law alone. Const. art. 85. An examination of the evidence discloses that there was evidence tending to show that the defendant aided or assisted in the operation of a gambling house, and that

there was played therein the game called "monte," which is described by a witness. under interrogation by the court, as one in which the players bet money against the house. This was a banking game within the meaning of sections 911 and 913 of the Revised Statutes. State v. Hunter, 106 La. 187, 30 South. 261. See Words and Phrases, vol. 1, p. 698, verbo Banking Game.

Finding that there was some evidence upon which defendant might have been convicted, we are compelled to sustain the judgment of the lower court, and for the reasons assigned it is affirmed.